COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Coleman and Overton
Argued at Salem, Virginia


VANESSA HUGHES

                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2827-96-3      JUDGE NELSON T. OVERTON
                                      JANUARY 13, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF AMHERST COUNTY
                     J. Michael Gamble, Judge

         B. Leigh Drewry, Jr., for appellant.

         Richard B. Smith, Assistant Attorney General
         (Richard Cullen, Attorney General, on brief),
         for appellee.


     Vanessa Hughes (defendant) was convicted of grand larceny of

a video camera, in violation of Code § 18.2-95.  On appeal, she

asks that her conviction be reversed because the Commonwealth

failed to prove the corpus delicti or the criminal agency of the

crime.  Because the Commonwealth met its burden of proof, we

affirm her conviction.

     The parties are fully conversant with the record in the

case, and because this memorandum opinion carries no precedential

value, we recite only those facts necessary to the disposition of

this appeal.

     "We view the evidence in the light most favorable to the

Commonwealth, granting to it all reasonable inferences fairly

deducible therefrom."  Higginbotham v. Commonwealth, 216 Va. 349,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

352, 218 S.E.2d 534, 537 (1975). So viewed, the evidence established that on the morning of August 19, 1996 the victim owned a video camera which she kept in her bedroom. After defendant had left her home, she discovered the camera missing. Later that day, defendant confessed to the victim that she and another individual had taken the video camera, pawned it and bought crack cocaine with the proceeds.

When there is a confession, only slight corroborative evidence is necessary to establish the corpus delicti and criminal agency. See Clozza v. Commonwealth, 228 Va. 124, 133, 321 S.E.2d 273, 279 (1984), cert. denied, 469 U.S. 1230 (1985). Here, the corroborative evidence is far from slight: defendant was in the victim's home alone immediately prior to the disappearance of the camera, she had a motive to take the camera and the opportunity. The evidence overwhelmingly establishes that the camera was stolen and that defendant was the one who stole it.

Under the facts of this case, we cannot say that the decision of the trial court is plainly wrong or without evidence to support it. Therefore, we affirm the conviction.

Affirmed.